IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TERRIE L. H.,

        Plaintiff,

    v.                                      Civil Action No.
                                         5:21-CV-1234 (DEP)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF

LAW OFFICES OF                JUSTIN GOLDSTEIN, ESQ.
KENNETH HILLER, PLLC
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226

FOR DEFENDANT

SOCIAL SECURITY ADMIN.        JUNE L. BYUN, ESQ.
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on December 19, 2022, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:   December 29, 2022
         Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TERRIE H.,
                                              Plaintiff,

-v-                                           5:21-1234

COMMISSIONER OF SOCIAL SECURITY,

                                              Defendant.
------------------------------------------------------------x
```

**TRANSCRIPT OF PROCEEDINGS**
**BEFORE THE HONORABLE DAVID E. PEEBLES**
December 19, 2022
100 South Clinton Street, Syracuse, New York


For the Plaintiff:

    LAW OFFICE OF KENNETH HILLER
    6000 North Bailey Avenue
    Suite 1A
    Amherst, New York 14226
    BY:  **JUSTIN M. GOLDSTEIN, ESQ.**

For the Defendant:

    SOCIAL SECURITY ADMINISTRATION
    26 Federal Plaza
    Room 3904
    New York, New York 10278
    BY:  **JUNE L. BYUN, ESQ.**



*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR, NYRCR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1              (The Court and all counsel present by telephone.
2     Time noted:  2:30 p.m.)
3              THE COURT:  Let me begin by thanking counsel for your
4     excellent presentations.
5              The background of this case is as follows -- I should
6     lead off by pointing out that plaintiff has commenced this
7     action pursuant to 42, United States Code, Sections 405(g) and
8     1383(c)(3) to challenge a finding by the Acting Commissioner of
9     Social Security that she was not disabled at the relevant times
10    and therefore ineligible for the Title XVI benefits for which
11    she applied.
12             Plaintiff was born in December of 1969 and is
13    currently 53 years of age.  She was 50 at the time of the
14    application for benefits on May 7, 2020.  Plaintiff lives in a
15    house in Hannibal, New York with her boyfriend and a daughter
16    who, in April of 2021, was 18 years old.  There is also
17    indication of the -- in the record that at one point there was
18    also another person residing -- I believe it was a grandson or
19    granddaughter.
20             Plaintiff stands 5'4" to 5'6" in height depending on
21    where in the record you look and has weighed between 138 and
22    150 pounds at various times.  She has a 10th education and no
23    GED.  She was in regular classes while in school.  Plaintiff
24    possesses a driver's license.
25             The plaintiff stopped working in September of 2010.

1   She claimed, at 2018 to 2019 of the Administrative Transcript,
2   it was to raise her children.  At page 44, during the hearing,
3   she said it was due to her stress and stomach issues.  The
4   plaintiff has worked as a bartender, a cashier, and a service
5   desk helper in a grocery store.  She also told Dr. Shapiro and
6   testified at the hearing at page 45 that she was a waitress for
7   three weeks in 2017.  According to 484 of the Administrative
8   Transcript, she lost that job when the business closed.
9   Plaintiff apparently has never held a full-time job.
10              Physically, plaintiff suffers from degenerative disc
11  disease of the lumbar and cervical spine.  She suffers from
12  amblyopia from birth, and that is a lazy eye; GERD;
13  hypertension; hyperlipidemia; tinnitus; trigeminal neuralgia,
14  which affects, as I understand it, the teeth and face area; IBS,
15  and headaches.  Plaintiff was hospitalized in 2006 with IBS or
16  colitis, and in 2019 with dehydration, high blood pressure, and
17  some dental issues.
18              Mentally, plaintiff suffers from depression, anxiety,
19  and an adjustment disorder.  She has never been psychiatrically
20  hospitalized.  Plaintiff's primary physician is Dr. Michael
21  Miller.  She also sees a Nurse Practitioner Beverly Aubin.  For
22  vision, she sees Dr. Anthony Mondo.  She also treats with North
23  Country Neurology, Dr. Samah Mohiuddin, and Connext Care Fulton
24  where she sees a therapist, LCSW Ashley Gilbert, between two and
25  three times per month.  She has also consulted with Syracuse

1  Orthopedics or SOS, including Dr. Richard DiStefano and
2  Physician's Assistant Thomas Vanarnam.
3           In terms of daily activities, plaintiff can dress,
4  bathe, groom, cook, clean, do laundry, shop, drive.  She does
5  not take public transportation.  She is able to socialize with
6  family and friends.  She enjoys crafts.  She watches television,
7  listens to music.  She goes on social media.  She takes care of
8  her plants and can go to the family camp or cottage.  Plaintiff
9  is a smoker, although there's no quantification that I could see
10 of how much and how often.
11          Procedurally, plaintiff applied for Title XVI
12 Supplemental Security Income payments on May 7, 2020, alleging
13 an onset date of June 1, 2017, which was amended to May 7, 2020,
14 later to coincide with the filing of her application.  In her
15 function report at 218 of the Administrative Transcript, she
16 stated that her disabling conditions include lazy eye, poor
17 vision, back impairment, degenerative discs, teeth problems,
18 high blood pressure, and anxiety.
19          On April 7, 2021, a hearing was conducted with a
20 vocational expert by Administrative Law Judge Kenneth Theurer.
21 The Administrative Law Judge subsequently issued an unfavorable
22 decision on April 15, 2021.  That decision became a final
23 determination of the agency on September 28, 2021, when the
24 Social Security Administration Appeals Council denied
25 plaintiff's request for a review.  This action was commenced on

1   November 15, 2021, and is timely.

2           In his decision, ALJ Theurer applied the familiar
3   five-step sequential test for determining disability.  At step
4   one, he concluded that plaintiff had not engaged in substantial
5   gainful activity.

6           At step two, he concluded that plaintiff suffers from
7   severe impairments that impose more than minimal limitations on
8   her ability to perform basic work functions, including
9   trigeminal neuralgia, degenerative disc disease of the cervical
10  spine and lumbar spine, amblyopia, depressive disorder, and
11  anxiety disorder.

12          At step three, he concluded that none of those
13  conditions meet or medically equal any of the listed
14  presumptively disabling conditions set forth in the
15  Commissioner's regulations, specifically considering listings
16  1.15, 2.02, 2.04, 2.07, 11.14, 12.06, and 12.04, and
17  additionally considered plaintiff's headaches under listing
18  11.02 and SSR, or Social Security Ruling, 19-4p.  After
19  surveying the record, ALJ Theurer concluded that plaintiff
20  retains the residual functional capacity, notwithstanding her
21  conditions, to perform light work subject to additional physical
22  and mental limitations.

23          Applying that RFC finding at step four, he noted that
24  plaintiff has no past relevant work and proceeded to step five
25  where, with the benefit of testimony from a vocational expert,

1  the ALJ concluded that plaintiff is capable of performing
2  available work in the national economy, notwithstanding her
3  conditions, citing as representative positions those of laundry
4  aide, hand packager, and housekeeper, and therefore concluded
5  that plaintiff was not disabled at the relevant times.
6           As you know, the Court's function in this case is
7  extremely limited.  The standard to be applied is very
8  deferential.  The Court must determine whether substantial
9  evidence supports the conclusion reached and correct legal
10 principles were applied.  Substantial evidence is defined as
11 such admissible evidence as a reasonable mind would find
12 sufficient to support a conclusion.
13          In this case, plaintiff has raised four basic
14 contentions that are actually a part of the first.  The
15 plaintiff contends that the ALJ's RFC determination is not
16 supported.  The plaintiff also claims that his step two
17 rejection of headaches -- a headache disorder as severe was
18 erroneous.  She argues that the ALJ's analysis of the medical
19 opinions in the record is flawed.  And four, she challenges the
20 Administrative Law Judge's consideration of her subjective
21 symptomology, what we used to call credibility, under SSR 16-3p.
22          Of course, the first task for an Administrative Law
23 Judge is to determine a claimant's RFC, which represents a
24 finding of the range of tasks she is capable of performing
25 notwithstanding her impairments.  Ordinarily, an RFC represents

1   the claimant's maximum ability to perform sustained work
2   activities in an ordinary setting on a regular and continuing
3   basis, meaning eight hours a day for five days a week, or an
4   equivalent schedule.  An RFC determination is informed by
5   consideration of all of the relevant medical and other evidence
6   and, of course, must be supported by substantial evidence.
7            In this case, there are physical and mental
8   conditions and resulting limitations, and there are several
9   medical opinions in the record.  Physically, there are
10  statements from Dr. Elke Lorensen and prior administrative
11  findings of Dr. A. Saeed and Dr. Stradley.  Mentally, there's an
12  opinion from consultative examiner Dr. Jeanne Shapiro, prior
13  administrative findings of Dr. L. Haus, and Dr. M. D'Ortona, and
14  an opinion from Licensed Clinical Social Worker Ashley Gilbert.
15           When it comes to evaluation of medical opinions, this
16  case is subject to the new regulations that apply to cases where
17  the application for benefits was filed after March 27, 2017.
18  Under those regulations, the Commissioner will not defer or give
19  any specific evidentiary weight, including controlling weight,
20  to any medical opinions, including those from medical sources,
21  but rather will consider whether those opinions are persuasive
22  by primarily considering whether the opinions are supported by
23  and consistent with the record in the case.  An ALJ must
24  articulate his or her determination as to how persuasive he or
25  she finds all of the medical opinions and must explain how he or

1  she considered the supportability and consistency of those

2  opinions.  There are other factors under 20 C.F.R. Section

3  416.920c that must be considered, although the Administrative

4  Law Judge is not required to discuss how he or she evaluated

5  those additional factors.

6          In this case, the focus of plaintiff's threshold

7  argument is actually -- her counsel phrased it, is on the

8  opinion of Dr. -- I'm sorry, Licensed Clinical Social Worker

9  Ashley Gilbert, which was given on February 22, 2021.  It

10 appears at pages 719 to 721 of the Administrative Transcript.

11 It's not terribly limiting, but it does, after recounting

12 plaintiff's signs and symptoms to include generalized persistent

13 anxiety and sleep disturbance, conclude that plaintiff is

14 seriously limited, but not precluded, from the following two

15 areas that apply to employment:  Complete a normal workday and

16 workweek without interruptions from psychologically-based

17 symptoms and performing -- perform at a consistent pace without

18 an unreasonable number in length of rest periods.

19         The therapist does not find plaintiff is unable to

20 meet competitive standards or has no useful ability to function

21 in any of the specified categories or subcategories of mental

22 abilities and aptitudes needed to do unskilled work.  The

23 criteria seriously limited, but not precluded, is defined to

24 mean the ability to function in this area is seriously limited

25 and less than satisfactory, but not precluded, in all

1   circumstances.

2           The Administrative Law Judge discussed this opinion
3   at pages 21 and 22 of his opinion and found it to be less
4   persuasive.  The rationale given was -- was as follows:  First,
5   it noted the progress notes from Ms. Gilbert were not submitted
6   and, additionally, her opinion is less persuasive because the
7   findings are not supported by any treatment records, her
8   estimate of absence of four or more days per month is
9   speculative, and she does not provide any specific explanation
10  for her responses other than giving checkbox answers and a brief
11  notation that the claimant has anxiety in unfamiliar places.

12          Plaintiff argues that because there are no treatment
13  notes from Therapist Gilbert in the record, the analysis is
14  flawed and the Administrative Law Judge failed to properly
15  develop the record by making efforts to obtain those records.
16  Plaintiff's counsel did, at page 40, note that he had no
17  objection to the record as presently constituted without those
18  therapist notes and that the record was complete at page 41.
19  One could argue that on this basis alone there's no breach of
20  the duty to develop the record.  The duty stems from -- the duty
21  requires a complete medical history for at least one year prior
22  to the month in which the application was filed.  That is
23  specified in 20 C.F.R. Section 416.912.  The -- and in 20 C.F.R.
24  Section 404.15.20b, the regulations provide we will consider
25  evidence to be insufficient when it does not contain all the

1  information we need to make our determination or decision.
2           There are cases that suggest that where, as here, the
3  representative states that they're -- the record is complete,
4  the duty to complete or to reach out and obtain additional
5  materials has been absolved.  One such case is *Orts v. Astrue*,
6  2013 WL 85071 from the Northern District of New York, January 7,
7  2013, District Judge Lawrence E. Kahn.  He stated the following:
8  An ALJ has taken reasonable steps when, as here -- that is to
9  develop the record -- she asked a plaintiff's attorney at a
10 hearing if the medical records before her were complete and the
11 attorney answers affirmatively.  Similarly, in *Opal R. v.*
12 *Commissioner of Social Security*, 2022 WL 4485291 from the
13 Western District of New York, September 27, 2022, finding
14 similar.
15          In the abstract, perhaps one could argue that there
16 was no further duty to develop the record.  However, it is
17 conspicuous -- in fact, the ALJ alludes to it specifically in
18 his decision at page 22 -- that the -- all of the treatment
19 notes from the person rendering the opinion, Ashley Gilbert, are
20 missing from the record.  The ALJ is -- was on notice from
21 having reviewed the record that such notes exist.  At page 572,
22 from the first encounter date, February 10th -- I'm sorry, I'm
23 going backwards -- first encounter date from May 27, 2022, which
24 is where the beginning of the relevant period is, from May of
25 2020 through to May 10, 2021, there are 1, 2, 3, 4, 5, 6, 7, 8,

1  9, 10, 11, 12, 13, 14, 15, 16 -- at least 17 notes referenced
2  from Therapist Gilbert.  The fact that the Administrative Law
3  Judge noted that they were not submitted and obviously relied in
4  part on the fact that treatment records did not support her
5  conclusion, I find is error.
6         I also note that the Administrative Law Judge, who is
7  an experienced Administrative Law Judge, stated that the
8  therapist was not a -- considered an acceptable medical source
9  and cited to the regulation which applies to cases filed --
10 claims filed prior to March of 2017.  He cites to 20 C.F.R.
11 Section 416.927, which doesn't apply in this case.  This case is
12 governed by 20 C.F.R. Section 416.920c, which provides that when
13 a medical source provides one or more medical opinions or prior
14 administrative medical findings, we will consider those medical
15 opinions or prior administrative medical findings from that
16 medical source together using the factors listed in paragraph
17 (c)(1) through (c)(5) of the section as appropriate.  And, of
18 course, the first of those two factors are supportability and
19 consistency.
20        Admittedly, the therapist, even under the new
21 regulations, is not an acceptable medical source as that term is
22 defined in 20 C.F.R. Section 416.902a, but is a medical source
23 as that is defined in 20 C.F.R. Section 416.902i.  And so being
24 a medical source, her opinion should have been analyzed under 20
25 C.F.R. Section 416.920c and there should've been a discussion of

1   not only supportability, but consistency.  There's absolutely no
2   discussion of consistency in this case.
3            As counsel notes, the absence -- the fact that the
4   form was a checkbox form is not necessarily fatal under *Hogan v.*
5   *Kijakazi*, but I will say it is certainly bereft of much
6   analysis, which could have been gleaned from the missing therapy
7   records.  The -- so I guess the question is -- I do find error
8   in the analysis of Therapist Gilbert's medical opinion.  The
9   question is, is it harmful.  That may -- it may be a close case.
10           As I said before, the opinion is not terribly
11  limiting, but it is -- it is clear that the opinion regarding
12  absences, about four days per month, is -- exceeds the limit of
13  what the vocational expert testified to and what any vocational
14  expert would testify to, and the seriously limited in the two
15  categories is potentially problematic.  The Court's simply not
16  in a position to make the determination of whether this is or
17  not -- this opinion from Ms. Gilbert, if credited, would be
18  disabling, and so I think the case should be -- the
19  Commissioner's decision should be vacated and the matter
20  remanded for further consideration after proper efforts have
21  been made to secure Therapist Gilbert's treatment records.
22           So I will grant judgment on the pleadings to the
23  plaintiff, vacate the Commissioner's determination, and remand
24  the matter to the agency without a directed finding of
25  disability, and further proceedings consistent with this

1    opinion.
2              Thank you, both.  I wish you happy holidays.
3              MR. GOLDSTEIN:  Okay.  Happy holidays.
4              MS. BYUN:  Thank you, your Honor.
5              (Time noted:  2:55 p.m.)

14

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 28th day of December, 2022.

s/ Hannah F. Cavanaugh
HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
Official U.S. Court Reporter